UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COAST PUMP & SUPPLY CO.,
INC.,

      Plaintiff/Counterclaim
      Defendant,

v.                          Case No.:  2:25-cv-99-SPC-NPM

FRANKLIN ELECTRIC CO., INC.,

      Defendant/Counterclaimant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff/Counterclaim Defendant Coast Pump & Supply Co., Inc.'s ("Coast Pump") Motion to Dismiss.  (Doc. 20). Defendant/Counterclaimant Franklin Electronic Co., Inc. ("Franklin Electric") responded in opposition.  (Doc. 30).  Thus, the motion is ripe for review.  For the below reasons, the Court grants the motion.

The following facts are taken from Franklin Electric's counterclaim (Doc. 14).[1]  Franklin Electric was considering acquiring Coast Pump.  Given this potential acquisition, Coast Pump represented that it would provide Franklin Electric with confidential information and participate in good faith discussions

---

[1] The Court accepts the well-pleaded facts in the counterclaim as true and construes them in the light most favorable to the counterclaimant.  *United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012).

regarding the possible acquisition.  Based on these representations, on April 12, 2023, Franklin Electric entered into a Confidentiality Agreement ("Agreement") with Coast Pump, which included a non-solicitation clause. However, Coast Pump never intended to provide the confidential information or engage in good-faith acquisition talks.  Rather, Coast Pump executed the Agreement simply to induce Franklin Electric into executing the non-solicitation provision in an effort to impede Franklin Electric's penetration of the Florida market and hinder competition between the parties.

Based on these facts, Franklin Electric brings claims for fraudulent inducement (count I), violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") (count II), and declaratory judgment (counts III and IV). (Doc. 14).  Coast Pump moves to dismiss count I because it fails to comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard and count II for failure to state a claim.  It also asks the Court to award it prevailing-party fees for the FDUPTA claim or, alternatively, to require Franklin Electric to post a bond under Fla. Stat. § 501.211(3).  (Doc. 20).

First, the fraudulent-inducement claim.  Franklin Electric alleges that, prior to executing the Agreement, Coast Pump "knowingly, willfully, and unlawfully made material false and/or misleading representations" that it would (1) provide Franklin Electric with "Evaluation Material" (as defined in the Agreement) for the purpose of exploring Franklin Electric's acquisition of

Coast Pump, and (2) participate in good faith to discuss the possible acquisition. (Doc. 14 at 17). Coast Pump made these false representations to induce Franklin Electric into entering the Agreement, which included a non-solicitation provision, without any intent to provide consideration. And Franklin Electric justifiably relied on Coast Pump's misrepresentations by entering the Agreement. (Doc. 14 at 17–18). These allegations fall short of Rule 9(b)'s heightened pleading requirement.

A plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). These circumstances include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud." *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 483 (11th Cir. 2015) (cleaned up). In other words, claims of fraud must proffer "the who, what, when, where, and how of the fraud alleged." *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1343 (M.D. Fla. 2019), *aff'd sub nom.*, 32 F.4th 1298 (11th Cir. 2022).

Franklin Electric fails to provide several of the essential elements of its fraud claim. For instance, it does not allege what precise statements Coast Pump supposedly made (or what individual made the statement on Coast Pump's behalf), only that it broadly promised to provide confidential

information and engage in good faith. Nor does Franklin Electric state when Coast Pump made the misrepresentation, only that it occurred sometime before the execution of the Agreement. And while Franklin Electric asserts that Coast Pump never *intended* to provide confidential material or engage in good-faith discussions, it never alleges whether Coast Pump did so. In other words, Franklin Electric does not specifically allege how Coast Pump's representations were misleading. As such, count I is dismissed without prejudice.

Next is Franklin Electric's FDUPTA claim. The allegations here regurgitate the factual background. Franklin Electric alleges that Coast Pump engaged in unfair methods of competition by knowingly and willingly making material misrepresentations that it would provide the "Evaluation Material" and participate in good-faith discussions about acquisition. Coast Pump issued these misrepresentations to impede Franklin Electric's penetration of the Florida market and inhibit competition between the parties. And because of these misrepresentations, Franklin Electric has suffered "substantial damage." (Doc. 14 at 19–20). Coast Pump argues Franklin Electric fails to state a FDUPTA claim.

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare

"labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).[2]

"To establish a cause of action under FDUTPA, a plaintiff must sufficiently allege the following three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Pop v. Lulifama.com LLC*, No. 8:22-CV-2698-VMC-JSS, 2023 WL 4661977, at *2 (M.D. Fla. July 20, 2023) (citation omitted). "A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one that offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* (citation omitted).

---

[2] Franklin Electric's FDUPTA claim, which is based on Coast Pump's alleged misrepresentations, must also comply with Rule 9(b). *See PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 3:12-CV-1366-J-20JBT, 2013 WL 12172912, at *6 (M.D. Fla. Aug. 28, 2013) ("[T]he Middle District of Florida has consistently held that those FDUTPA claims that hinge on allegations of misrepresentation are 'grounded in fraud' and are therefore governed by Rule 9(b)'s heightened pleading requirements.").

Coast Pump argues that Franklin Electric failed to allege a consumer injury. (Doc. 20 at 7–8). To satisfy the first element of a FDUTPA claim—a deceptive act or unfair practice—"the plaintiff must allege that the relevant act or practice was harmful to a consumer." *CMR Constr. & Roofing, LLC v. UCMS, LLC*, No. 21-11183, 2022 WL 3012298, at *3 (11th Cir. July 29, 2022) (citing *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. Dist. Ct. App. 2015)); *see also Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860 (11th Cir. 2023) (explaining that to maintain a FDUPTA claim "the plaintiff must prove that there was an injury or detriment to consumers"). Franklin Electric seeks relief from Coast Pump's purported misrepresentations without any allegation of a consumer injury. If Franklin Electric repleads its FDUPTA claim, it must rectify this deficiency.[3]

Franklin Electric also fails to allege the third element of a FDUPTA claim—actual damages. Its broad assertion that it has suffered "substantial damages" is unsupported by any facts. As such, the Court cannot determine whether Franklin Electric plausibly suffered "actual damages" as contemplated by the Act. So the FDUPTA claim also fails at this basic level.

Accordingly, it is now

---

[3] Although Franklin Electric tries to address this deficiency in its response, this cannot save its counterclaim. *See Agostinacchio v. Heidelberg Eng'g, Inc.*, No. 0:18-CV-60935-UU, 2019 WL 3243408, at *8 (S.D. Fla. Feb. 5, 2019) (noting the counterclaimant "cannot rely on its response to a motion to dismiss to state a claim").

**ORDERED:**

1. Coast Pump's Motion to Dismiss (Doc. 20) is **GRANTED in part**.[4]

2. Counts I and II of Franklin Electric's counterclaim (Doc. 14) are **DISMISSED without prejudice.**

3. If Franklin Electric intends to file an amended counterclaim, it must do so on or before **May 27, 2025**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 13, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[4] Because the Court dismisses the FDUPTA claim without prejudice, the Court need not address Coast Pump's claim for prevailing-party fees.  And for the same reason, the Court declines to require Franklin Electric to post a bond under Fla. Stat. § 501.211(3) at this time.  *See Plain Bay Sales, LLC v. Gallaher*, No. 18-80581-CIV, 2019 WL 1782761, at *5 (S.D. Fla. Apr. 24, 2019) ("The determination of whether a plaintiff should be required to post a [§ 501.211(3)] bond is within the court's discretion.").