UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COAST PUMP & SUPPLY CO., INC.,

    Plaintiff/Counterclaim Defendant,

v.

Case No.:  2:25-cv-99-SPC-NPM

FRANKLIN ELECTRIC CO., INC.,

    Defendant/Counterclaimant.

## OPINION AND ORDER

Before the Court is Plaintiff/Counterclaim Defendant Coast Pump & Supply Co., Inc.'s ("Coast Pump") Motion to Dismiss Count II of First Amended Counterclaims. (Doc. 37). Defendant/Counterclaimant Franklin Electronic Co., Inc. ("Franklin Electric") responded in opposition. (Doc. 40). For the below reasons, the Court denies the motion.

First, the Court briefly recounts the facts. Franklin Electric was considering acquiring Coast Pump, which represented that it would provide Franklin Electric with confidential information and participate in good faith discussions regarding the acquisition. Based on these representations, on April 12, 2023, Franklin Electric entered into a Confidentiality Agreement ("Agreement") with Coast Pump, which included a non-solicitation clause. But

according to Franklin Electric, Coast Pump never intended to provide the confidential information or engage in good-faith discussions. Rather, Coast Pump executed the Agreement simply to induce Franklin Electric into executing the non-solicitation provision to impede Franklin Electric's penetration of the Florida market and hinder competition.

Based on these events, Franklin Electric brings claims for fraudulent inducement (count I), violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (count II), and declaratory judgment (counts III and IV). (Doc. 34). In May 2025, the Court dismissed counts I and II for failure to state a claim. (Doc. 31). Following amendment (Doc. 34), Coast Pump again moves to dismiss count II (Doc. 37).

"To establish a cause of action under FDUTPA, a plaintiff must sufficiently allege the following three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Pop v. Lulifama.com LLC*, No. 8:22-CV-2698-VMC-JSS, 2023 WL 4661977, at *2 (M.D. Fla. July 20, 2023) (citation omitted). "A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one that offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* (citation omitted). To plead a FDUTPA claim for injunctive relief, a party must allege (1) a deceptive act or unfair practice and (2) that the party was aggrieved by the act practice. *CareerFairs.com v. United Bus. Media*

2

*LLC*, 838 F. Supp. 2d 1316, 1324 (S.D. Fla. 2011) (citing *Kelly v. Palmer, Reifler, & Assoc., P.A.,* 681 F. Supp. 2d 1356, 1366 (S.D. Fla. 2010)).

Here, Franklin Electric alleges that "Coast deceived it into restrictive covenants regarding Coast's employees and customers when Coast was soliciting the sale of its business by making false statements that it would provide Franklin with confidential materials and engage in negotiations regarding the Potential Acquisition." (Doc. 40 at 7 (citing Doc. 34 ¶ 86)). As a result of Coast Pump's allegedly deceptive practices, Franklin Electric suffered actual damages, such as the loss of the ability to freely hire in Florida and solicit customers. (*Id.* ¶ 92). The Court finds the allegations in count II sufficient to state a FDUTPA claim but addresses Coast Pump's specific arguments to the contrary.

First, the threshold issue of standing. FDUTPA provides that "any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs." Fla. Stat. § 501.211(2). The legislature replaced the word "consumer" with "person," signaling its desire to expand the damages remedy. *Crmsuite Corp. v. Gen. Motors Co.*, No. 820CV762T02WFJAAS, 2020 WL 5898970, at *5 (M.D. Fla. Oct. 5, 2020) (citing *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. Dist. Ct. App. 2015)); *Niles Audio Corp. v. OEM Sys. Co.,* 174 F. Supp. 2d 1315,

3

1319–20 (S.D. Fla. 2001) (concluding that legislature's amendment to § 501.211(2) replacing "consumer" with "person" was intended to expand the provision's damages remedy to all those harmed by a violation of the statute and thus allowing non-consumer to bring damages claim). The Court finds that Franklin Electric, a business entity, falls under the statute's protection. *Crmsuite Corp.*, 2020 WL 5898970, at *5 (FDUTPA expanded the definition of "consumer" to include several business entities and the catch-all "any commercial entity") (quoting *Beacon Prop. Mgmt., Inc. v. PNR, Inc.*, 890 So. 2d 274, 277 (Fla. Dist. Ct. App. 2004)).

Next, Coast Pump argues that the claim does not arise from a "consumer transaction" and thus does not satisfy FDUTPA. (Doc. 37 at 5). One of the stated purposes of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). "Courts construe the provisions [of FDUTPA] liberally to protect the consuming public and legitimate business enterprises," and the "statute is not limited to consumer transactions." *Taxinet, Corp. v. Leon*, No. 16-24266-CIV, 2019 WL 9596656, at *4 (S.D. Fla. Apr. 29, 2019) (citing *Beacon*, 890 So. 2d at 278). So this argument fails.

Next, Coast Pump asserts that the FDUTPA claim is just a mislabeled intentional breach of contract claim. Not so. The Florida Supreme Court

4

explained that "[t]o the extent an action giving rise to a breach of contract . . . may also constitute an unfair or deceptive act, such a claim is and has always been cognizable under the FDUTPA." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 n.2 (Fla. 2003). Here, Franklin Electric alleges that Coast Pump deceptively induced it to enter into the Agreement without ever intending to fulfill its obligations. (Doc. 40 at 7). As such, in addition to stating a fraudulent inducement claim, Franklin Electric has sufficiently alleged unfair or deceptive conduct under the statute.

Finally, damages. FDUTPA allows for declaratory and/or injunctive relief, and an award of actual damages, recovery of costs, and attorney's fees. Fla. Stat. § 501.211. Franklin Electric alleges that because of Coast Pump's practices, it has suffered these damages: the loss of its ability to freely hire in the Florida market—a valuation of which will be determined by an expert witness; (b) the loss of its ability to freely solicit customers which may be existing or potential customers of Coast Pump—a valuation of which will be determined by an expert witness; (c) the attorneys' fees and costs Franklin Electric has been forced to incur in defense of Coast Pump's Complaint in this matter; and (d) any monies that Franklin Electric may pay to resolve this matter in the future. (Doc. 34 ¶ 92). Additionally, it alleges it may obtain declaratory judgment or an injunction. (*Id.* ¶ 93).

Coast Pump argues that Franklin Electric's alleged damages are "speculative and compensatory damages," which are not appropriate under FDUTPA. (Doc. 37 at 9). The Court considers Franklin Electric's actual damages allegations a close call. But it finds Franklin Electric's reliance on *Crmsuite Corp. v. Gen. Motors Co.*, No. 8:20-CV-762-WFJ-AAS, 2021 WL 914170, at *6 (M.D. Fla. Mar. 10, 2021), persuasive—at least at the dismissal stage of the case.

In *Crmsuite*, the plaintiff claimed it incurred expenses based on the defendant's deceptive representations. *Id.*, at *6. In finding the damages allegations sufficient, the court explained that "[t]he measure of damages for a traditional consumer claim under FDUTPA is 'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'" *Id.*, at *6 n.8 (citing *Baptist Hosp., Inc. v. Baker*, 84 So. 3d 1200, 1204 (Fla. Dist. Ct. App. 2012)). "Since FDUTPA also extends to unfair acts between business entities outside a direct consumer context, the damages in these non-traditional cases are typically those directly caused by the unfair or deceptive acts." *Id.* (citing *Glob. Tech Led, LLC v. Hilumz Int'l Corp.*, No. 15-cv- 553-FTM-29CM, 2017 WL 588669, at *9 (M.D. Fla. Feb. 14, 2017) (finding that past lost profits resulting from the defendant's

alleged unfair actions were proper damages under FDUTPA where the alleged unfair conduct occurred between two competing businesses).

Franklin Electric may only recover "actual damages" under the statute. Fla. Stat. § 501.211(2). It may not recover consequential damages, precluding recovery of future lost profits. *See Glob. Tech Led, LLC*, 2017 WL 588669, at *9; *see also Britt Green Trucking, Inc. v. FedEx Nat., LTL, Inc.*, No. 8:09-CV-445-T-33TBM, 2014 WL 3417569, at *12 (M.D. Fla. July 14, 2014) ("it remains well settled in Florida that consequential damages in the form of lost profits are not recoverable under FDUTPA") (citation omitted); *Eclipse Med., Inc. v. Am. Hydro–Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1357 (S.D. Fla. 1999) *aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro–Surgical*, 235 F.3d 1344 (11th Cir. 2000) ("While Plaintiffs seek to label future lost profits as 'actual damages,'. . . 'lost profits may indeed be the quintessential example of consequential damages.'")). Therefore, any potential damages award must be limited to past lost profits, not future lost profits.[1] *See id.*

Given the above, the Court finds that Franklin Electric has stated a counterclaim under FDUTPA and denies Coast Pump's motion to dismiss.

Accordingly, it is now

---

[1] On this point, the Court is highly skeptical of Franklin Electric's argument that it may recover the value of the monetary losses it "*will continue to* sustain as a direct result" of Coast Pump's actions. (Doc. 40 at 18 (emphasis added)).

**ORDERED:**

Coast Pump's Motion to Dismiss (Doc. 37) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record